## Rowe v. Hinkle

C.P. of Monroe County, no. 1150 Civil 1997.

*Jonathan J. Russell,* for plaintiff.
*G. Christopher Parrish,* for defendant.

WALLACH MILLER, *J.,* October 6, 1998—Plaintiff Glenn L. Rowe was involved in a motor vehicle collision on August 11, 1995 when a van which he was driving was hit from the rear by an automobile driven by defendant. This occurred on Route 209 in Chestnuthill Township, Monroe County, Pennsylvania. As a result of the collision, plaintiff alleges he sustained injuries to the lumbar region of his back. At the time of this accident, plaintiff was litigating a workers' compensation claim alleging total disability for an injury sustained in December of 1992 when he was working as a tree surgeon.

Plaintiff purchased an insurance policy in which he elected the limited tort option. Pursuant to the Motor Vehicle Financial Responsibility Law (MVFRL), 75 Pa.C.S. §1701 et seq., a limited tort elector may sue for noneconomic damages only if he suffers "serious injury" in an automobile accident. "Serious injury" is defined by the code as "[a] personal injury resulting in death, serious impairment of body function or permanent serious disfigurement." *Id.* at 75 Pa.C.S. §1702. Defendant seeks partial summary judgment and asks us to find that plaintiff's injury does not meet this criteria.

In granting summary judgment, the moving party has the burden of demonstrating that no issue of material fact exists. *Thompson Coal Co. v. Pike Coal Co.,* 488 Pa. 198, 412 A.2d 466 (1979). In order to meet the serious injury threshold, the plaintiff must show a material dispute of fact by objective medical evidence. *Dodson v. Elvey,* 445 Pa. Super. 479, 498, 665 A.2d 1223, 1233 (1995). Both plaintiff and defendant have submitted deposition testimony and affidavits in support of their respective positions.

Our Superior Court has found that two questions need to be asked about whether plaintiff has a serious impairment of body function: (1) What body function, if any, is impaired because of injuries sustained in a motor vehicle accident? (2) Is the impairment of body function serious? In determining whether the impairment is serious, several factors need to be considered: the extent of the impairment, the particular body function impaired, the length of time the impairment lasted, the treatment required, and other relevant factors. *Dodson,* 445 Pa. Super. at 499, 665 A.2d at 1233.

The issue before us is whether plaintiff satisfies these inquiries in order to defeat the motion for summary judgment. The body function plaintiff allegedly injured is his back. The particular area of the back impaired is the lumbar region. Plaintiff treated with Dr. Kim between the date of the accident, August 1995, through May of 1996. Treatment included physical therapy, stretching exercises, whirlpool, acupuncture and electric stimulation. Plaintiff had no complaints about the lumbar area for approximately one year even though he continued seeing Dr. Kim for his alleged workers' compensation injuries. Treatment for the back resumed sometime after this lawsuit began.

The length of time and the extent of the impairment is less clear. Plaintiff submitted a report dated August 2, 1998 authored by Dr. Kim opining that his injuries are now permanent in nature and are caused by the auto accident.

Defendant's expert, on the other hand, proffers an opposite opinion concerning the causal relation of the lumbar injury to the auto collision and opines that the cervical spine problems, not the lumbar problems, are responsible for his disability.

Here, we have a material dispute of fact of objective medical evidence. *Dodson, supra.* Thus, we are constrained to deny summary judgment.

Accordingly, we enter the following order.

## ORDER

And now, October 6, 1998, defendant's motion for partial summary judgment is denied.